IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WESTERN WATERSHEDS PROJECT, | ) | |
| | ) | Case No. CV-07-151-E-BLW |
| Plaintiff, | ) | CV-07-241-E-BLW |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **DECISION & ORDER** |
| U.S. FOREST SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| SHIRTS BROTHERS SHEEP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SECRETARY OF THE U.S. | ) | |
| DEPARTMENT OF AGRICULTURE; | ) | |
| CHIEF OF THE FOREST SERVICE; | ) | |
| REGIONAL FORESTER FOR THE | ) | |
| INTERMOUNTAIN REGION OF THE | ) | |
| FOREST SERVICE; FOREST | ) | |
| SUPERVISOR OF THE PAYETTE | ) | |
| NATIONAL FOREST OF THE FOREST | ) | |
| SERVICE; DISTRICT RANGER FOR | ) | |
| THE COUNCIL RANGER DISTRICT OF | ) | |
| THE FOREST SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM DECISION & ORDER - 1**

## INTRODUCTION

Pending before the Court is plaintiff's Motion for Reconsideration (Docket No. 126) of the Memorandum Decision & Order Denying Motion for Partial Summary Judgment (Docket No. 123) issued November 26, 2008. The Court having reviewed the record and pleadings, including supplemental pleadings of the parties, now enters the following Memorandum Decision & Order denying reconsideration, for the reasons set forth below.

## ANALYSIS

Plaintiff Shirts Brothers Sheep (Shirts) seeks reconsideration of this Court's Order denying plaintiff's Motion for Partial Summary Judgment (Docket No. 123). Shirts contends that the Court erroneously relied on the decision in *Idaho Farm Bureau Federation v. Babbitt*, 900 F. Supp. 1349 (D. Idaho 1995), when it found that Shirts' challenges to modifications of plaintiff's sheep grazing permits, based on alleged FACA violations, was untimely. According to plaintiff, Shirts lacked constitutional and prudential standing to challenge the permit modifications before the final administrative decisions regarding the permit modifications were entered.

**A.     The Court Will Only Reconsider A Decision In Limited Circumstances**

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency

**MEMORANDUM DECISION & ORDER - 2**

demands forward progress.  The former principal has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979).  While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone.  Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power."  *Messinger v. Anderson*, 225 U.S. 436, 444 (1912).  "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous.  There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).  "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct

**MEMORANDUM DECISION & ORDER - 3**

a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

In the instant matter, plaintiff asserts the third basis for reconsideration, that the Court erred by misapplying *Idaho Farm Bureau*, and that amendment to the Court's Order (Docket No. 123) is necessary to prevent manifest error of law. *See Memorandum in Support of Plaintiff's Motion* (Docket No. 126-2) at 7. The Court disagrees.

## B.   The Court Appropriately Relied On *Idaho Farm Bureau*

Shirts attempts to distinguish the *Idaho Farm Bureau* case, on which this Court relied, arguing that *Idaho Farm Bureau* "did not involve a claim to enforce FACA through the APA's judicial review provisions," as does Shirts' case. Shirts contends that there is no private right of action under FACA, therefore compelling plaintiff to challenge the FACA violation under the APA. Shirts argues that, under the APA, it lacked standing to challenge the FACA violation until after the Forest Service modified Shirts' grazing permits.

The Court finds it did not err in relying on *Idaho Farm Bureau*. This Court did not conclude from *Idaho Farm Bureau* that FACA permitted a private right of action, nor that the APA did not apply. Whether or not Shirts pursued its FACA

MEMORANDUM DECISION & ORDER - 4

challenge under the APA or as a private right of action under the FACA was immaterial to the Court's conclusion.  The relevant issue was whether the requested relief – injunction – was available, given the timing of Shirts' challenge. In arguing that it had no choice in the timing of its challenge, Shirts misidentifies the injury in fact that conferred standing.

> **1.    Shirts suffered an injury in fact, for purposes of standing, when it became aware that grazing permit modification could result from the report to which it objected**

In order to have standing to pursue an action, a moving party must have suffered injury in fact.  Here, Shirts argues that the injury in fact was modification of its grazing permit and that it was therefore required to wait until after its grazing permit was modified before taking action.  This Court finds that Shirts' injury in fact was the FACA violation itself, consistent with the decision – cited by Shirts in support of its Motion – in *Colorado Environmental Coalition v. Wenker*, 353 F.3d 1221, 1237 (10th Cir. 2004)[1], as well as *Idaho Farm Bureau*, 900 F.Supp. at 1364.

In *Wenker*, the court also considered a FACA violation.  *Wenker*, 353 F.3d 1221.  Citing the United States Supreme Court's decision in *Lujan*, the court in *Wenker* noted that a plaintiff "may suffer an injury in fact when an agency fails to

---

[1] *Citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 572-73, 112 S. Ct. 2130 (1992) (other citations omitted); *see also Seattle Audubon Soc. v. Lyons*, 871 F.Supp. 1291 (W.D. Wash. 1994); *see Memorandum in Support of Plaintiff's Motion* (Docket No. 126-2) at 2.

MEMORANDUM DECISION & ORDER - 5

follow specific procedural requirements." *Wenker*, 353 F.3d at 1237, *citing Lujan*, 504 U.S. at 572-73.  The *Wenker* court indicated further that, "[t]o challenge an agency's procedural failing, a plaintiff must show that he or she has a concrete interest, that the procedures at issue were designed to protect that interest, and that the procedural irregularity threatens the plaintiff's concrete interest." *Wenker*, 353 F.3d at 1237, citing *Lujan*, 504 U.S. at 573.

The requirements of  FACA ensure public scrutiny and oversight into the process through which advisory committees furnish expert advice and ideas to government agencies.  *See* 5 U.S.C. app. 2 § 2(a).  In the instant case, plaintiff specifically challenges, as violative of FACA, the Expert Panel for the RADT.  The Forest Service relied on advice and recommendations of the Expert Panel for the RADT in rendering decisions concerning grazing permits, including Shirts' grazing permits.  Shirts had a concrete interest in its grazing permits, and the alleged FACA violation involving the Expert Panel for the RADT threatened that interest.  Accordingly, Shirts suffered a requisite injury in fact, and had standing to challenge the FACA violation in court.

Because the injury was the FACA violation itself, and not modification of Shirts' grazing permit, Shirts was not required to wait until the conclusion of administrative proceedings challenging the permit modification.  In fact, Shirts'

**MEMORANDUM DECISION & ORDER - 6**

delay in pursuing action for the FACA violation ultimately limited its available relief.

### 2.   The Court correctly determined that injunctive relief for a violation of FACA can only be applied prospectively

Citing *Idaho Farm Bureau*, this Court found that a plaintiff must *not* wait until after agency action has been taken in reliance on a FACA violation, before pursuing action to challenge the FACA violation.  This finding is consistent with the decisions in *National Nutritional Foods Ass'n v. Califano*, 603 F.2d 327 (2nd Cir. 1979), and *Alabama-Tombigbee Rivers Coalition v. Department of Interior*, 26 F.3d 1103 (11th Cir. 1994), as well as *Seattle Audubon Soc'y v. Lyons*, 871 F.Supp. 1291 (W.D. Wash. 1994).  *See Idaho Farm Bureau*, 900 F. Supp. at 1364-67. Where injunctive relief is sought to prohibit the use of advice from an expert panel convened in violation of FACA, such relief can only be applied prospectively. Accordingly, this Court appropriately denied Shirts' Motion for Partial Summary Judgment to set aside decisions modifying Shirts' grazing permits from 2007 and 2008.

Shirts attempts to liken this matter to the facts in *Idaho Wool Growers Assoc. v. Schafer*, Case No. CV-08-394-S-BLW, for which this Court issued a decision on July 1, 2009.  Specifically, Shirts contends that, like plaintiffs in *Idaho Wool Growers*, Shirts sought prospective relief, raising its FACA claim "before the

**MEMORANDUM DECISION & ORDER - 7**

agency, during the prescribed administrative appeal process, and before the agency decisions were issued . . .." *Plaintiff's Supplement to Motion for Reconsideration* (Docket No. 143) at 3 (emphasis omitted).  However, Shirts did not raise its FACA claim until after its grazing permits were modified.  Shirts does not argue otherwise.

Shirts' hearing "before the agency" was about the decisions modifying grazing permits, conducted after the decisions modifying grazing permits.  The "administrative appeal process" concerned the decisions modifying grazing permits.  The agency decisions that Shirts references are again, the final decisions regarding the grazing permit modifications.  In order for Shirts to have sought relief prospectively, it had to raise its FACA claim before the Forest Service modified Shirts' grazing permits.  Because Shirts failed to do so, its relief sought is unavailable.

Shirts has failed to demonstrate that the Court erred in its Memorandum Decision & Order (Docket No. 123).  Therefore, its request for reconsideration is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that plaintiff's Motion for Reconsideration (Docket No. 126) is DENIED

**MEMORANDUM DECISION & ORDER - 8**

DATED:  **September 26, 2009**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION & ORDER - 9**